IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | CASE NO. 1:05CV2363 |
| Plaintiff, | ) ) | |
| vs. | ) ) | Judge John M. Manos |
| GREGORY APPLEGATE, | ) ) | |
| Defendant. | ) | ORDER |

On October 7, 2005, the United States Securities and Exchange Commission ("SEC"), plaintiff, brought suit against Gregory Applegate, defendant, for securities fraud. Among the relief sought, the Plaintiff seeks an injunction against future violations of the securities laws, civil penalties, and disgorgement of profits. Related criminal proceedings were initiated against the Defendant in another court.

On November 28, 2005, prior to answering the Complaint, the Defendant filed a Notice of Bankruptcy and claimed protection of the automatic stay provision of 11 U.S.C. § 362(a). The Plaintiff claims that this SEC enforcement action is exempt from the automatic stay provision under 11 U.S.C. § 362(b)(4), and moves that the Court enter default because the

Defendant has not answered (Docket No. 26).

> 11 U.S.C. § 362(b)(4) exempts from the automatic stay:
>
>> the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power.

An SEC civil enforcement action is exempt from the automatic stay under this provision. Securities and Exchange Commission v. First Financial Group of Texas, 645 F.2d 429, 438 (5th Cir. 1981); Bilzerian v. Securities and Exchange Commission, 146 B.R. 871, 872-73 (Bankr. M.D. Fla. 1992).

The Defendant argues that the automatic stay applies because his bankruptcy petition was involuntary. He notes that the policy behind the exemption is to preclude bankruptcy from being invoked by wrongdoers as a safe haven. Such a policy is not furthered when the bankruptcy proceedings are involuntary. The Court disagrees. Neither the plain language of the statute nor applicable case law distinguishes between voluntary and involuntary bankruptcy proceedings. Accordingly, the exemption applies.

The Defendant also argues that a stay at least is appropriate as to the disgorgement remedy because disgorgement is money damages, citing In re Massenzo, 121 B.R. 688, 691 (Bankr. N.D.N.Y. 1990) (exemption does not extend to government suits for money damages beyond enforcement of regulated activity). The Court disagrees. An order of disgorgement is not the equivalent to ordinary money damages, but rather is an equitable remedy sought in furtherance of the SEC's police powers. Bilzerian, 146 B.R. at 873. The exemption, therefore,

applies.[1]

For the foregoing reasons, the Court concludes that this action is exempt from the automatic stay pursuant to 11 U.S.C. § 362(b)(4). The Plaintiff requests that the Court enter default because the Defendant has not answered the Complaint. In view of the dispute over the stay, the Court concludes that entry of default is premature, and the motion for entry of default (Docket No. 26) is DENIED.

Accordingly, the Court grants the Defendant twenty (20) days to answer the Complaint.

IT IS SO ORDERED.


Issued: April 13, 2006                     s/ John M. Manos
                                              UNITED STATES DISTRICT JUDGE

---

[1] The case law calls into question whether an order of disgorgement can be collected upon from a bankrupt party, but issuance of the disgorgement order itself is exempt from the stay.